IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN D. JONES, # 297490, | : |
|     Plaintiff, | : |
| vs. | :   CIVIL ACTION 19-0276-TFM-N |
| CYNTHIA STEWART, | : |
|     Defendant. | : |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful review, it is recommended that this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted and that Plaintiff be granted leave to file an amended complaint.

**I. Amended Complaint.**  (Doc. 10).

The Court ordered Plaintiff to file an amended complaint because the original complaint contained claims arising from different incidents, some of which were related to another action, *Jones v. Jones*, et al., CA No. 4:19-cv-00632-RDP-JEO (N.D. Ala. pending), and one of the two named Defendants was located in the Middle District of Alabama.  (Doc. 9, PageID.45).  The Court also advised Plaintiff of the deficiencies in

the complaint (i.e., his assortment of claims contained little information demonstrating a claim against either Defendant), of the standards for pleading a viable § 1983 claim, and of the potential dismissal of his action if he failed to plead an amended complaint that complied with the Court's order. (*Id.*).

In the superseding amended complaint (Doc. 10, PageID.51),[1] Plaintiff named Cynthia Stewart, the warden of Holman Correctional Facility (Holman), as the sole Defendant. (Doc. 10 at 4, PageID.54). According to Plaintiff, after he received a disciplinary at St. Clair Correctional Facility (St. Clair), he was transferred to Holman's lock-up on April 4, 2019, because he was considered close custody due to the St. Clair incident.[2] (*Id.*). Plaintiff complains the conditions in Holman's segregation and general population violate the Eighth Amendment. (*Id.*). Plaintiff, who has a history of heart problems, maintains that in segregation he had several heart-related events, for which he did not receive timely medical assistance, constitutionally adequate medical care, or a special diet. (*Id.*). In addition, Plaintiff alleges that in segregation the wiring was exposed, medical care was inadequate, and there was no ventilation, running water, lights, properly working cell doors, outdoor exercise time, and access to a law library. (*Id.* at 5, 6, PageID.55, 56).

In January 2020, Plaintiff was released from segregation to A-Dorm where the living conditions were "unconstitutional" and "very uncomfortable." (*Id.*). That is, there

---

[1] After filing the amended complaint, three days later Plaintiff filed a duplicate of the amended complaint, which the Court has stricken. *See* Doc. 11, Page ID.62.

[2] As of this writing, according to the Alabama Department of Corrections' website, Plaintiff is now incarcerated at Limestone Correctional Facility (Limestone). Plaintiff did not notify the Court of this change in his address, as he was required to do. *See* Doc. 10 at 10, PageID.59. The Clerk is **DIRECTED** to change Plaintiff's address on the docket to Limestone.

was overcrowding and a lack of ventilation, heating, cooling, blankets, security, yard time, personal hygiene supplies (soap and water), nutritious food, and access to adequate medical care.  (*Id.*).  Additionally, "toxic" condensation dropped from the ceiling, everything stayed wet twenty-four hours a day, and the building's conditions were unsafe due to exposed wiring and an infestation of "vermin."  (*Id.*).

For relief, Plaintiff wants injunctive relief, $50,000 for his pain and suffering, and the removal of inmates from Holman due to institutional problems.[3]  (*Id.*at 9, PageID.59).  No physical injury was alleged by Plaintiff.

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his amended complaint (Doc. 10) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a claim may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial

---

[3] By Plaintiff's transfer to Limestone away from the conditions at Holman, his requests for injunctive relief are rendered moot.  *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988), *cert. denied*, 488 U.S. 1046 (1989).

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 556 U.S. 662, 129 S.Ct. 1937. Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Discussion.**

    **A. Applicable Law.**

"To state a cause of action under § 1983, a plaintiff must allege that (1)

there was an act or omission that deprived him of a constitutional right, privilege, or immunity and (2) the act or omission was committed by a person acting under color of state law." *Evans v. St. Lucie Cty. Jail,* 448 F. App'x 971, 973 (11th Cir. 2011).4 Thus, in the present case, Plaintiff must establish through his allegations that he has a plausible violation of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). This Amendment, which prohibits the infliction of cruel and unusual punishments, is concerned with the treatment a prisoner receives and conditions under which he is confined.5 *Id.* (internal quotations marks and citation omitted). It is the "wanton and unnecessary infliction of pain" and a defendant's deliberate indifference thereto that the Eighth Amendment prohibits. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).

The Constitution, however, does not require that places of incarceration be comfortable. *Id.* at 349, 101 S.Ct. at 2400. But "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates[,]" *Farmer,* 511 U.S. at 832, 114 S.Ct. at 1976, in order for basic human needs to be met, *Rhodes*, 452 U.S. at 347, 101 S.Ct. at 2399.

To state a claim for a violation of the Eighth Amendment based on conditions of

---

4 "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

5 "The Eighth Amendment can give rise to claims challenging specific conditions of confinement, the excessive use of force, and the deliberate indifference to a prisoner's serious medical needs." *Thomas v. Bryant,* 614 F.3d 1288, 1303-04 (11th Cir. 2010). Each type of claim requires an objective showing and a subjective showing. *Id.* at 1304.

5

confinement, it must be shown that a prison or jail official was deliberately indifferent "to a substantial risk of serious harm to an inmate[.]" *Farmer,* 511 U.S. at 828, 114 S.C. at 1974. This test consists of an objective and a subjective component. *Id.* at 834, 114 S.Ct. at 1977. The objective component - a substantial risk of serious harm to an inmate - requires that the deprivation be sufficiently serious, or stated another way, that the deprivation be extreme. *Id.; Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (internal quotation marks and citation omitted). And only when several complained-about conditions act in combination to have the mutually enforcing effect of causing the "deprivation of a single, identifiable human need" can several conditions be found to be violate the Constitution. *Wilson v. Seiter,* 501 U.S. 294, 304, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991).

To satisfy the subjective component of an Eighth Amendment claim – a deliberate indifference, the official must have been deliberately indifferent to an inmate's health or safety. *Farmer,* 511 U.S. at 834, 114 S.Ct. at 1977. "[T]he official [must] know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S.Ct. at 1978.

The Eleventh Circuit summed up three elements that a plaintiff must prove for a for a successful § 1983 action based on an Eighth Amendment violation: "(1) a condition of confinement that inflicted unnecessary pain or suffering, *Rhodes v. Chapman*, 452

U.S. 337, 347 . . . ,  (2) the defendant's "deliberate indifference" to that condition, *Wilson v. Seiter*, 501 U.S. 294,  . . . , and (3) causation, *Williams v. Bennett*, 689 F.2d 1370, 1389–90 (11th Cir. 1982)."  *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir.), *cert. denied*, 510 U.S. 1164 (1993).  Causation is a necessary element in every § 1983 action.  *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir.), *cert. denied*, 464 U.S. 932 (1983).  Section 1983 requires "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation."  *LaMarca*, 995 F.2d at 1538.  All three elements must be proved in order to prevail on an Eighth Amendment claim based on conditions of confinement.  *Id.*

### B.  Deliberate Indifference Element Not Met.

The person whom Plaintiff sued is the warden.  A warden generally, but not at all times, acts in a supervisory role, which is a different capacity than a correctional officer.  Thus, in establishing liability against a supervisor, a plaintiff must allege that the supervisor either "personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation."  *Franklin v. Curry,* 738 F.3d 1246, 1249 (11th Cir. 2013).  This causal connection may be shown through a supervisor's "policy or custom [that] resulted in a deliberate indifference[,]" *id*., a history of widespread abuse, or the supervisor directing the subordinate to act unlawfully or knowing the subordinate would act unlawfully, he failed to stop him.  *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003).  "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous."  *Id.* (internal quotations marks and

citation omitted) (brackets in original).

Turning to the subjective element of an Eighth Amendment claim – deliberate indifference, in order to demonstrate it, a plaintiff must allege: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Id.* at 1250 (internal quotation marks and citation omitted). An official who fails to alleviate a "significant risk that he should have perceived but did not, while no cause for commendation" cannot be blamed for inflicting punishment. *Farmer,* 511 U.S. at 838, 114 S.Ct. at 1979. Allegations of "knew or should have known" are insufficient for establishing knowledge. *Franklin*, 738 F.3d at 1250. Actual knowledge is required. *Id.* "Proof of deliberate indifference requires a great deal more than does proof of negligence[.]"[6] *Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013).

Reviewing Plaintiff's allegations in his brief amended complaint, they are very general and lacking in any facts about Defendant Stewart's actions, orders, policies, and customs. In Section III, where the complaint form asks Plaintiff to describe his claim against Defendant Stewart, he states: "Cruel and unusual punishment and lack of security." (Doc. 10 at 7, PageID.57). Then, the form asks for the supporting facts, he alleges "3/2/19 – Holman Seg got out in Dec. 2019 and went to population A-Dorm." (*Id.*). These allegations are the only allegations that can be somewhat connected to Defendant Stewart, which is due solely to their location on the complaint form and not to any words in Section III. Furthermore, the other allegations in the general description do not refer to her. (Doc. 10 at 4-6, PageID.54-56).

---

[6] The Court observes that mere negligence is not actionable under § 1983. *Daniels v. Williams,* 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986).

However, to establish the deliberate indifference element of an Eighth Amendment claim against Defendant Stewart, Plaintiff's allegations must show that Defendant Stewart knew about the offending conditions and of the risk of serious harm posed by them and she "knowingly or recklessly disregarded that risk," by conduct that is more than gross negligence. *Franklin,* 738 F.3d at 1250; *Goodman,* 718 F.3d at 1331-32. None of the amended complaint's allegations convey this information about Defendant Stewart. In the absence of the foregoing information, Plaintiff has failed to establish the deliberate-indifference element of a conditions-of-confinement claim and, therefore, has failed to state a claim against Defendant Stewart. *See LaMarca*, 995 F.2d at 1538 (all three elements must be proved in order to prevail on an Eighth Amendment claim based on conditions of confinement)*.*

Additionally, in analyzing Plaintiff's claims and the pleading of them, it appears that Plaintiff named Stewart as the Defendant because she is the warden of Holman and, according to Plaintiff's reasoning, is therefore responsible for the identified deficiencies. However, "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Cottone*, 326 F.3d at 1360. And as set out *supra,* a supervisor only can be found liable through personal participation or a causal connection existing between the supervisor's actions and the alleged constitutional violation, such as a policy or custom. *Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1048-49 (11th Cir. 2014).

**C. Objective Element Not Satisfied.**

Even though this action is due to be dismissed for the abovementioned reasons,

9

a brief examination of the pleading of the complained of conditions indicates they are inadequately pled as well. The pleading of the complained of conditions is extremely vague and conclusory. *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (holding vague and conclusory claims are subject to dismissal). And some allegations are legal conclusions, not facts, such as, inadequate medical care and cruel and unusual punishment inflicted. (Doc. 10 at 5, PageID.55). Moreover, the allegations contain no facts showing a substantial risk of serious harm that would deprive Plaintiff of "the minimal civilized measure of life's necessities" or showing a combination of conditions that led to the deprivation of a "single identifiable human need," nor is there a showing of any injury that Plaintiff suffered as a result of the conditions. *See Wilson,* 501 U.S. at 304, 111 S.Ct. at 2327. "A plaintiff must show that the constitutional violation caused [his] injury." *Cottone,* 326 F.3d at 1359. The absence of specific facts has prevented Plaintiff from plausibly showing a substantial risk of serious harm and thereby satisfying the objective component.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted and that Plaintiff be granted leave to file an amended complaint. Because it is recommended that this action be dismissed for failure to state a claim, the plaintiff is allowed one chance to amend his complaint before it is dismissed "[w]here a more carefully drafted complaint might state a claim[.]" *Lee v. Alachua Cty., FL,* 461 F. App'x 859, 860 (11th Cir. 2012) (citing *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991)). However, where the amended complaint would be futile,

the district court does not need to allow the amendment. *Id.; Carter v. HSBC Mortg. Serv., Inc.,* 622 F. A'ppx 783, 786 (11th Cir. 2015). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Lee,* 461 F. App'x at 860.

If Plaintiff elects to file an amended complaint, it should be filed on the Court's § 1983 complaint form and cure the deficiencies noted in this Report and Recommendation.7  If Plaintiff fails to use the Court-provided form, the Court may strike the amended complaint and dismiss this action.  The amended complaint will replace the prior complaints filed in this action; therefore, Plaintiff shall not rely on them.  The amended complaint shall contain one claim and any claims that are closely related to it because they arose from the same incident or occurrence and involve a question of law or fact common to all defendants, Fed.R.Civ.P. 20(a); the claim(s) must be based on the allegations in the amended complaint (Doc. 10).  Plaintiff should read the directions contained on the complaint form and complete the complaint form in its entirety.  An amended complaint will be subject to the screening provision of § 1915(e)(2)(B).  If an amended complaint is not filed, the action will be dismissed without further notice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4.  The parties should note that under Eleventh Circuit

---

7 The Clerk is **DIRECTED** to send Plaintiff a § 1983 complaint form.

precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 12th  day of March, 2020.


/s/ KATHERINE P. NELSON
**UNITED STATES MAGISTRATE JUDGE**